UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS A. PRICE,

            Petitioner,

     v.

WARDEN,

            Respondent.

Case No. 26-cv-03779-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, a pretrial detainee at Napa County Jail who is proceeding without representation by a lawyer, filed a petition for a writ of habeas corpus. For the reasons explained below, the petition is DISMISSED without prejudice.

## BACKGROUND

Petitioner indicates that he was a civil detainee at Napa State Hospital, but he was moved to Napa County Jail on February 1, 2026, based upon charges of assault with intent to cause great bodily harm. (ECF No. 1 at 2.) He indicates he is awaiting trial. (*Id*.)

## DISCUSSION

This court has authority to entertain a petition for a writ of habeas corpus by a pretrial detainee, such as Petitioner. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore must bring his petition under 28 U.S.C. § 2241(c)(3). *Id.*

Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require a federal court abstain from deciding such a petition until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless there are special circumstances warranting federal intervention prior

United States District Court
Northern District of California

to a state criminal trial. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973), and *Younger v. Harris*, 401 U.S. 37 (1971)). There is an exception to this general rule when a pretrial detainee claims their trial will violate the Double Jeopardy Clause. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (explaining federal courts may entertain habeas petitions that raise a colorable claim of double jeopardy before a final judgment is rendered in a state court). But Petitioner does not make a double jeopardy claim here; instead, Petitioner claims he was "treated with racial bias" and has "presidential immunity." (ECF No. 1 at 3.) Petitioner presents no authority, and the Court is aware of none, that such claims present special circumstances warranting an exception to the abstention rule. *Cf. Sherwood v. Tomkins*, 716 F.2d 632, 634 n.2 (9th Cir. 1983) (explaining the exception allowing state court pretrial detainees to seek federal habeas corpus relief is unique to double jeopardy claims). Accordingly, under *Carden*, *Braden*, and *Younger*, this Court must abstain from hearing Petitioner's claims.

Due to abstention, the instant petition must be dismissed for failure to present a claim capable of judicial determination. This dismissal is without prejudice to Petitioner bringing his claims in a new habeas petition in federal court after he completes his trial and exhausts his available state judicial remedies.[1]

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED without prejudice. No certificate of appealability will be issued under 28 U.S.C. § 2253(c)(1)(A) because "jurists of reason" would not "find it debatable whether the district court was correct" in ruling that the Court must abstain from ruling on the instant petition. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

//

//

//

---

[1] To exhaust his available state judicial remedies, Petitioner must present the highest state court, either on direct appeal or through state habeas proceedings, with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c).

2

The clerk shall enter judgment and close the file.  This order resolves docket numbers 2, 3, and 7.

**IT IS SO ORDERED.**

Dated: May 7, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3